IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYLE VAN ERICKSON and JILL ERICKSON,<br><br>    Appellants,<br><br>vs.<br><br>FORD MOTOR CREDIT COMPANY,<br><br>    Appellee. | MEMORANDUM DECISION AND ORDER AFFIRMING BANKRUPTCY JUDGE<br><br><br><br>Case No. 2:05-CV-987 TS<br><br>Bankruptcy Case No. 05C-34626 |

Under §109(g)(2) of the Bankruptcy Code, an individual is not eligible to file any successive bankruptcy petition within 180-days of their voluntary dismissal of a first case if it followed the filing of a motion for relief from the automatic stay. The Ericksons appeal the Bankruptcy Judge's Order dismissing their second case based on §109(g)(2). This Court affirms the Bankruptcy Judge.

The following facts are undisputed: On July 29, 2005, the Ericksons filed a Chapter 13 petition (the first case).[1] Ford Motor Credit (Ford Credit) is one of the Ericksons' creditors and holds a security interest in the Ericksons' two Ford F350 pickup trucks (the

---

[1] Bankruptcy Case No. 05-31750.

1

pickup trucks).  On August 25, 2005, Ford Credit filed a Motion for Relief from the Automatic Stay regarding the pickup trucks.

On September 1, 2005, the Ericksons filed a voluntary Notice of Dismissal in their first case.  On September 15, 2005, the Bankruptcy Court dismissed the first case.

On September 19, 2005, the Ericksons filed a new Chapter 13 Petition (the second case).[2]  On September 30, 2005, Ford Credit filed a Motion to Dismiss or in the Alternative, a Motion for Relief from the Automatic Stay.  The Motion to Dismiss was based on §109(g)(2).  On October 21, 2005, the Ericksons filed a motion to convert their second case to from a case under Chapter 13 to a case under Chapter 11.

On October 27, 2005, the Bankruptcy Judge held a hearing on Ford Credit's Motion to Dismiss.  The Bankruptcy Judge ordered the second case dismissed with prejudice and held that the Ericksons were prohibited from filing another bankruptcy case for 180 days from the date of the dismissal of their first case.  On October 30, 2005, the Bankruptcy Judge signed the formal Order dismissing the second case.

The Ericksons appeal contending that Bankruptcy Judge (1) erred by dismissing their second case with prejudice; (2) erred by finding that the second case should be dismissed because the first case was dismissed without prejudice; and (3) erred by refusing to let the Ericksons convert their case to a Chapter 11 case.  They seek reversal of the order dismissing the second case and an order requiring the Bankruptcy Judge to reconsider their Motion to Convert their case to a case under Chapter 11.

---

[2]Bankruptcy Case No. 05-34626.

In support of their appeal, the Ericksons contend that they voluntarily moved to dismiss their first case because they were let down by their bankruptcy attorney, who would neither meet with them nor follow through on the necessary paperwork. They also contend that the Bankruptcy Judge dismissed their first case without prejudice, that they can propose a viable Chapter 11 plan, and that Ford Credit repossessed their pickup trucks during the pendency of this appeal.

Ford Credit contends that the plain language of §109(g)(2) requires that the Bankruptcy Judge's order be affirmed, despite any purported hardship for the Ericksons.

This Court reviews "the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard."[3]  "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made."[4]

Section 109(g) of the Bankruptcy Code provides:

Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–

* * * *

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay . . ..[5]

---

[3] *Connolly v. Harris Trust Co. of Cal.* (*In re Miniscribe Corp.*), 309 F.3d 1234, 1240 (10th Cir. 2002).

[4] *Id.*

[5] 11 U.S.C. § 109(g)(2).

Considering the Bankruptcy Judge's legal determination *de novo*, this Court notes that there is a split of authority on whether section 109(g)(2) is mandatory or discretionary.[6] In this district, there is no controlling case law on this split of authority. This Court believes the better reasoned cases are those which follow the plain language of the statute and hold that its provision is mandatory rather than discretionary.[7]

Under that plain language, subsection (g)(2) does not require a showing of bad intent, improper motive, or prejudice to any creditor.[8] Nor may subsection (g)(2) be suspended because a debtor did not understand its operation or the consequences of a dismissal when he or she moved to voluntarily dismiss their case following the filing of a motion for relief from the automatic stay.[9]

Instead, the only two relevant facts for § 109(g)(2) are (1) that the Ericksons voluntarily requested and obtained dismissal of their first case and (2) they did so while a motion for relief from automatic stay was pending in their first case. These two facts are undisputed. Under these facts, §109(g)(2) bars a second case for 180 days, regardless of the Ericksons' intent or motive.

---

[6] *In re Munkwitz,* 235 B.R. 766, 768 (E.D. Pa.1999)(collecting cases) and 5 Norton Bankr. L. & Practice2d §115:8 (same).

[7] *See* 5 Norton Bankr. L. & Practice 2d §115:8 (noting that there "is no language in §109(g)(2) to suggest "equitable" exceptions to its application.")

[8] *In re Stuart,* 297 B.R. 665, 668 (Bank. S. D. Ga. 2003) ("Congress intended to make debtors who dismiss and refile in the face of a motion for relief ineligible, regardless of their subjective state of mind or intent").

[9] *In re Steele,* 319 B.R. 518, 520 (E.D. Mich. 2005).

4

It simply does not matter if the first case was dismissed with or without prejudice because §109(g)(2)'s prohibition is by operation of law regardless of the reason for the Ericksons' motion to voluntarily dismiss their first case.

Further, even if the Court were to adopt the reasoning of cases finding §109(b)(2) to be discretionary, the most common reasons for implying discretion to relieve debtors of the effect of subsection (g)(2) is that the motion for relief from the automatic stay was erroneously filed or was resolved prior to the first dismissal – not circumstances that were present in the Ericksons' first case.[10]

The Ericksons also contend that the Bankruptcy Judge should have allowed them to convert their case to a case under Chapter 11.  But section 109(g)(2) prohibits the Ericksons from being eligible from being a debtor during the 180-day period  "under this title," meaning Title 11, which is the entire Bankruptcy Code, including Chapter 11.  Thus, because the Ericksons were not eligible for 180 days to be a debtor under any chapter of Title 11, it was not error for the Bankruptcy Court to refuse to allow them to convert their case to a Chapter 11 case.

The Court finds that the Bankruptcy Judge correctly applied section 109(g)(2) to find that it barred the Ericksons from eligibility to file a bankruptcy case for 180 days following the dismissal of their first case.   It is therefore

---

[10] *E.g. Stuart,* 297 B.R. at 669-70 (applying the plain language of the statute where it is shown that the debtor "had notice of the filing of the motion for relief prior to requesting dismissal" and the motion for relief was not "fully resolved prior to the time the debtor requested dismissal").

ORDERED that the Bankruptcy Judge's October 31, 2005, Order Granting Motion to Dismiss Case with Prejudice is AFFIRMED.

The Clerk of Court is directed to close this case.

DATED  February 10, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge